## CORNELL v. BATAILLE.

### (Circuit Court, S. D. New York. July 5, 1893.)

PATENTS FOR INVENTIONS—INFRINGEMENT—GATES.

Letters patent No. 213,119, issued March 11, 1879, to Maddox & Humphries, for an improvement in gates, covers a gate consisting of a series of upright pivots, a series of cross and connecting braces pivoted to the pickets at two or more central points, and having upper and lower points of connection, arranged to slide vertically within or upon the pickets, whereby the latter are adapted to slide upon a base support across the gate opening without changing their parallelism or their positions vertically. *Held*, that the patent is not infringed by a gate of lattice work pivoted at the intersection like lazy tongs, and supported by an upright bar, from which it is extended, with a parallel bar in the middle, and another at the outer end, sliding on a base support.

In Equity. Suit by John M. Cornell against Achille Bataille for infringement of a patent. Bill dismissed.

Charles N. Judson, for plaintiff.
Frances Forbes, for defendant.

WHEELER, District Judge. This suit is brought upon patent No. 213,119, dated March 11, 1879, and granted to Maddox & Humphries, for an improvement in gates, upon those granted to Maddox in patent No. 191,984, dated June 12, 1887, which consisted in a series of pickets connected together by lines of knuckle joints, so as to be drawn out to close a space, and fold up to open it. This improvement consists in combining a series of cross and connecting braces with the pickets, instead of the knuckle joints, to support the gate, and keep the pickets parallel. The first claim, now in controversy, is for "a gate for hallways and other places, consisting of a series of upright pickets, and a series of cross and connecting braces or bars pivoted to the pickets at two or more central points, and having upper and lower points of connection, arranged to slide vertically within or upon the pickets, whereby the latter are adapted to slide upon a base support across the gate opening without changing their parallelism or their positions vertically, substantially as described, for the purpose specified." The alleged infringement is a gate of lattice work pivoted at the intersections like lazy tongs, and supported by an upright bar from which it is extended, with a parallel bar in the middle, and another at the

outer end, sliding upon a base support across the space to be closed. These three upright bars are said to constitute the series of upright pickets, and the lattice work, the cross and connecting braces of the first claim of the Maddox & Humphries patent. The gate of that patent is constituted of upright pickets supported by large spaced braces in the form of pivoted lattice work. The defendant's gate is constituted of pivoted lattice work supported by large spaced upright bars called "pickets." These gates are said, in behalf of the plaintiff, to be, in substance, the same. But the bars at the ends of the defendant's gate are of the frame of the gate, such as most or all gates have, and are not pickets. The middle bar might properly be called a picket, but there is no series of pickets, constituting the body of the gate, such as the plaintiff's patent calls for. The plaintiff's gate is, in substance, a picket gate; the defendant's, a lattice gate. The improvement of Maddox & Humphries, involved here, consisted in putting coarse lattice work on pickets to make a picket gate. The defendant does not use that improvement, nor make such a gate.

Let a decree be entered that the defendant does not infringe, and that the bill be dismissed.